FILED

2010 AUG 23 PM 3 17

CLERK OF DIST. COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS

BY ___NJ___

HITE, FANNING & HONEYMAN L.L.P.
100 North Broadway, Suite 950
Wichita, KS 67202-2209
Telephone: 316-265-7741
Facsimile: 316-267-7803

ANS

**ORIGINAL**

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

NORMA JEAN DURNIL, as Special
Administratrix of the ESTATE OF WILLIAM
DOUGLAS DURNIL, deceased; and NORMA
JEAN DURNIL, as WILLIAM DOUGLAS
DURNIL'S sole heir at law, and NORMA JEAN
DURNIL, individually,

    Plaintiff,

vs.

SELECT SPECIALTY HOSPITAL -
WICHITA, INC.; INTENSIVA
HEALTHCARE CORPORATION; SELECT
MEDICAL CORPORATION; AND SELECT
MEDICAL HOLDINGS CORPORATION;
JULEE NAVE, R.N.; and ELITE NURSES,
INC.,

    Defendants.

Case No. 09 CV 0628

D1
D14
D15
D16

PURSUANT TO K.S.A. CHAPTER 60

**ANSWER TO FIFTH AMENDED PETITION BY DEFENDANTS
D\SELECT SPECIALTY HOSPITAL - WICHITA, INC.; INTENSIVA D14
HEALTHCARE CORPORATION; SELECT MEDICAL D15
CORPORATION; AND SELECT MEDICAL HOLDINGS CORPORATION D16
AND CROSS-CLAIM OR THIRD PARTY CLAIM AGAINST ELITE NURSES, INC.**

COME NOW defendants Select Specialty Hospital - Wichita, Inc.; Intensiva Healthcare Corporation; Select Medical Corporation; and Select Medical Holdings Corporation and for their answer to plaintiff's fifth amended petition, state:

## FIRST DEFENSE

(a) Admit the allegations of Paragraphs 4, 12, 13, 15, 17-19, 21, 27 and 28;

(b) As to the allegations in Paragraph 5, it is admitted that Select Medical Corporation (hereinafter "Select Medical") is a Delaware corporation with its corporate headquarters located in Mechanicsburg, Pennsylvania;

(c) As to the allegations in Paragraph 6, it is admitted that Select Medical is wholly owned by Select Medical Holdings Corporation (hereinafter "Select Holdings");

(d) As to the allegations in Paragraph 7, the allegations are admitted with the clarification that prior to becoming a private company in 2005, Select Medical had been a public company;

(e) As to the allegations in Paragraph 8, it is admitted with the clarification that Select Medical does not currently own or operate any hospitals or clinics in Canada;

(f) As to the allegations in Paragraph 9, it is admitted that sometime in January, 2007, the hospital within hospital at Wesley Medical Center relocated to the location at Via Christi-St. Francis campus and that the new location's current bed capacity is 60 beds;

(g) As to the allegations in Paragraphs 10 and 11, it is admitted that Select Medical owns Select Specialty Hospital - Wichita, Inc., Select Specialty Hospital - Topeka, Inc., and Select Specialty Hospital - Kansas City, Inc.;

(h) As to the allegations in Paragraphs 16 and 65, it is admitted that defendants SSH, Intensiva, Select Medical and Select Holdings share a number of common officers and directors;

(i) As to the allegations in Paragraph 20, it is admitted that SSH held and holds out to the general public that SSH provides that degree of care, skill, diligence and attention as provided by long term acute care hospitals generally in the care and treatment of patients. It is also admitted

that SSH has in its employ nurses, respiratory therapists and other hospital personnel including administrative and supervisory personnel;

(j)     As to the allegations in Paragraph 25, it is admitted that defendant Elite Nurses, Inc., had a duty to obtain professional liability insurance as specified in the contract with Select Specialty Hospital - Wichita, Inc.;

(k)     As to the allegations in Paragraphs 24 and 26, it is admitted that defendant Nave provided care to Dr. Durnil on her shift between June 6 and 7, 2007. It is also admitted that she was a contract nurse employed by Elite Nurses, Inc.;

(l)     But these defendants are without information sufficient to admit or deny, or deny, all the remaining allegations of Paragraphs 1-3, 5-11, 14, 16, 20, 22-26, and 29-109 of plaintiff's fifth amended petition.

## SECOND DEFENSE

Plaintiff has failed to state a claim against these defendants upon which relief can be granted.

## THIRD DEFENSE

The doctrine of comparative fault is applicable to this action. These defendants have availed themselves of the doctrine of comparative fault. Other than the parties to this lawsuit or William Douglas Durnil, defendants are not presently aware of anyone else who could potentially have causal fault herein. Plaintiff has asserted fault against various persons/entities. The specifics of plaintiff's contentions against others either is or should be identified in the petition (and discovery responses and/or expert reports, when made). Defendants refer plaintiff to the same and the evidence plaintiff contends supports the same. By virtue of the right to plead in the alternative or hypothetical, these defendants contend if plaintiff should settle with or dismiss any defendant or if any defendant is

otherwise dismissed, then these defendants adopt plaintiff's contentions and evidence against the same.

### FOURTH DEFENSE

Plaintiff's damages are not of the nature and extent claimed.

### FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the statute of limitations.

### SIXTH DEFENSE

Plaintiff has failed to plead fraud with particularity as required. Namely, plaintiff has not identified what representations were made, who the "other supervisory staff" were that made the alleged representations, and the date the representations were made.

### SEVENTH DEFENSE

Plaintiff has failed to state a claim for fraud and negligent misrepresentation.

### EIGHTH DEFENSE

Defendants deny there is an independent tort recognized in Kansas for "deceit."

### NINTH DEFENSE

Defendants claim a setoff for any portion of medical expenses claimed which were written off by SSH.

### TENTH DEFENSE

Plaintiff's claims for non-economic damages on the survival and wrongful death claims are subject to statutory caps.

WHEREFORE having fully answered, defendants Select Specialty Hospital - Wichita, Inc.; Intensiva Healthcare Corporation; Select Medical Corporation; and Select Medical Holdings Corporation pray plaintiff take nothing by her petition and they recover their costs herein.

## CROSS-CLAIM AND/OR THIRD PARTY CLAIM AGAINST ELITE NURSES, INC.

COMES NOW defendant Select Specialty Hospital - Wichita, Inc., and for its cross-claim and/or third party claim against Elite Nurses, Inc., states:

1. If Elite Nurses, Inc., is still a party at the time this pleading is filed, Select Specialty Hospital - Wichita, Inc., pleads the following as a "cross-claim" under K.S.A. 60-213(g) and/or (h). If Elite Nurses, Inc., is not a party at the time this pleading is filed, Select Specialty Hospital - Wichita, Inc., pleads the following as a third party claim under K.S.A. 60-214(a) and seeks to add Elite Nurses, Inc., as a third party defendant.

2. Elite Nurses, Inc., entered into a "NURSE STAFFING AGREEMENT" (hereinafter "Agreement") with Select Specialty Hospital - Wichita, Inc., on or about June 6, 2006.

3. At all material times, Elite Nurses, Inc., was a nurse staffing agency.

4. At all material times, Elite Nurses, Inc., employed or otherwise engaged licensed and registered nurses and practical nurses and certified nursing assistants.

5. At all material times, defendant Julee Nave, R.N., was an employee of Elite Nurses, Inc.

6. From approximately 7:00 p.m. on June 6, 2007, through 7:00 a.m. on June 7, 2007 (hereinafter "June 6-7 evening shift"), defendant Julee Nave, R.N., was working in her capacity as an employee of Elite Nurses, Inc., at Select Specialty Hospital in Wichita, the hospital operated by Select Specialty Hospital - Wichita, Inc.

7. Julee Nave, R.N.'s actions on the June 6-7 evening shift were within the ordinary scope and course of her employment with Elite Nurses, Inc.

8. During the June 6-7 evening shift, Julee Nave, R.N., was providing nursing care to William Durnil, a patient at Select Specialty Hospital.

9. Plaintiff alleges that "[o]n the evening of June 6, when Normal Durnil left for the day, the decedent hugged her with his left arm; cautioned her about driving home; and was responsive." [Fifth Amended Complaint, ¶ 41.]

10. Plaintiff alleges,

> Either late on the evening of June 6 or early on June 7, 2007, Dr. Durnil's tube feedings were given at too high a rate causing him to aspirate copious amounts of feeding into his lungs; resulting in an aspiration pneumonia, hypoxemia, new onset left hemiparesis (in addition to his right hemiparesis) and other injuries. He was rendered nearly mute, quadriplegic, but conscious and able to follow commands by moving his eyes.

[Fifth Amended Complaint, ¶ 43.]

11. Plaintiff alleges, "For several hours on June 6 and 7, 2007, Dr. Durnil's oxygen saturations were not recorded, addressed or otherwise attended to. Nor was Dr. Durnil. During this interim, Dr. Durnil's airway went unprotected." [Fifth Amended Complaint, ¶ 46.]

12. Plaintiff alleges on December 11, 2007, Dr. Durnil died [Fifth Amended Complaint, ¶ 53].

13. Plaintiff alleges during the June 6-7 evening shift, Julee Nave, R.N., "Was negligent and deviated from prudent nursing care resulting in injury and the wrongful death of Dr. Durnil" [Fifth Amended Complaint, ¶ 26].

14. Plaintiff alleges:

> Julee Nave was negligent and deviated from prudent nursing care, including the following acts and/or omissions:
>
>     a. negligently monitoring Dr. Durnil
>
>     b. failing to protect Dr. Durnil's airway
>
>     c. was otherwise careless, negligent and departed from standard, approved nursing standards and practices.

[Fifth Amended Complaint, ¶ 101.]

15. Plaintiff alleges, "Nurse Nave's negligent care caused and/or contributed to Dr. Durnil's injuries and wrongful death." [Fifth Amended Complaint, ¶ 101.]

16. The Agreement refers to Elite Nurses, Inc., as "Contractor" and Select Specialty Hospital - Wichita, Inc., as "Hospital."

17. The Agreement contains an "Indemnification" clause in Section 2.9. It provides, in part:

> Indemnification. To the extent not covered by the amount or scope of the insurance coverage(s) required under Section 2.8 hereof, Contractor shall hold Hospital free and harmless from and against any and all liability, judgments, costs, damages, claims or demands, including reasonable attorneys' fees, arising out of the acts or omissions of Contractor and Contractor's Personnel.

18. The Agreement contains an "Insurance" provision in section 2.8. It provides, in part:

> Contractor, at no cost or expense to Hospital, shall carry a policy or policies of professional liability and general liability insurance, issued by an insurance carrier acceptable to Hospital, providing coverage in the amount of at least One Million Dollars ($1,000,000) per occurrence and Three Million Dollars ($3,000,000) aggregate per year, which insures Contractor and each employee or agent thereof against any act, error or omission of the Contractor or Contractor's Personnel, agent or employee.

19. Plaintiff alleges that Select Specialty Hospital - Wichita, Inc., is responsible for alleged negligent acts or omissions of Julee Nave, R.N., which allegedly occurred during the June 6-7 evening shift, and which allegedly resulted in the claimed personal injuries and wrongful death of William Durnil [*see* e.g., Fifth Amended Complaint, ¶¶ 24, 26, 41, 43, 46, 53, 54, 62, 101]. Select Specialty Hospital - Wichita, Inc., lacks sufficient information to admit or deny or denies these allegations.

20. Notwithstanding, in light of plaintiff's allegations, based on the comparative fault provisions of K.S.A. 60-258a, based on the terms of the Agreement, and based on theories of express and implied indemnity, Select Specialty Hospital - Wichita, Inc., claims that Elite Nurses, Inc., is or may be liable to Select Specialty Hospital - Wichita, Inc., for all or part of the claim asserted in the action against Select Specialty Hospital - Wichita, Inc. Elite Nurses, Inc.'s liability to Select Specialty Hospital - Wichita, Inc., includes any and all liability, judgments, costs, damages, claims or demands, including reasonable attorneys' fees, arising out of the acts or omissions of Elite Nurses, Inc., and its personnel, including Julee Nave, R.N.

WHEREFORE, Select Specialty Hospital - Wichita, Inc., prays for judgment against Elite Nurses, Inc., in an amount in excess of $75,000, costs, attorney fees and such other relief as the Court deems proper.

HITE, FANNING & HONEYMAN L.L.P.
*Attorneys for Defendants Select Specialty Hospital - Wichita, Inc.; Intensiva Healthcare Corporation; Select Medical Corporation; and Select Medical Holdings Corporation*

By: _____
Jerry D. Hawkins, #18222

FILED

2010 AUG 23 PM 3 17

CLERK OF DIST. COURT
18TH JUDICIAL DISTRICT

BY NJ

## DEMAND FOR JURY TRIAL

Defendants Select Specialty Hospital - Wichita, Inc.; Intensiva Healthcare Corporation; Select Medical Corporation; and Select Medical Holdings Corporation respectfully request trial by a jury of twelve (12) persons of the issues herein.

> HITE, FANNING & HONEYMAN L.L.P.
> *Attorneys for Defendants Select Specialty Hospital - Wichita, Inc.; Intensiva Healthcare Corporation; Select Medical Corporation; and Select Medical Holdings Corporation*
>
> By: _____
> Jerry D. Hawkins, #18222

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23nd day of August, 2010, a true and correct copy of the above and foregoing Answer to Fifth Amended Petition by Defendants Select Specialty Hospital - Wichita, Inc.; Intensiva Healthcare Corporation; Select Medical Corporation; and Select Medical Holdings Corporation and Cross-Claim or Third Party Claim Against Elite Nurses, Inc., was mailed, postage prepaid, to:

> Mark B. Hutton
> J. Darin Hayes
> Anne M. Hull
> Hutton & Hutton Law Firm, L.L.C.
> P. O. Box 638
> Wichita, KS 67201-0638
> *Attorneys for Plaintiff*
>
> Julee Nave, R.N.
> 1418 Canary Drive
> Pawhuska, OK 74056
> *Pro Se*

- 9 -

Bradley S. Russell
Sanders, Warren & Russell, L.L.P.
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, KS 66210
*Attorneys for Elite Nurses, Inc.*

_____
Jerry D. Hawkins